UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHABREA MCCLINTON,

    Petitioner,

v.                                          Case No. 2:10-cv-171
                                            HON. R ALLAN EDGAR

GREG MCQUIGGIN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Shabrea McClinton filed this petition for writ of habeas corpus challenging his conviction for witness intimidation, resisting and obstructing a police officer, and disturbing the peace. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

The petitioner asserts that his rights were denied based on the following reasons:

I. Petitioner was deprived of his right to present a defense.

II. Petitioner was denied due process where the prosecutor failed to present sufficient evidence of guilt.

III. Petitioner was deprived of his right to due process where he was shackled during trial.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he was denied the ability to present a defense because the trial court refused to allow the defense to examine officer Smigielski about a prior interaction with Petitioner. Petitioner wanted to offer this evidence to attack officer Smigielski's credibility. Petitioner asserted that in a prior incident he made a statement to officer Smigielski that one day Petitioner would pull something out of his coat, like a cell phone or something, and make it look like he had a gun so officer Smigielski would shoot him. Officer Smigielski then stated if Petitioner

pulled something out, and Smigielski believed it was gun, he would shoot Petitioner. The trial court found that inquiry was not relevant to the current action. The Michigan Court of Appeals concluded that the trial court did not err in excluding evidence that was not relevant. This evidentiary ruling by the state trial court does not support Petitioner's request for habeas relief. "[S]uch an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire,* the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8. In the opinion of the undersigned, Petitioner has failed to raise a constitutional issue. Moreover, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his witness intimidation conviction was not supported by sufficient evidence. A conviction is supported by sufficient evidence if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer,* 541 F.3d 652, 656

(6th Cir.2008) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)). In a habeas proceeding, however, the court cannot conduct a de novo review of the state court's application of that rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of AEDPA. Petitioner can be granted habeas relief only if the Michigan Court of Appeals unreasonably applied the *Jackson* standard. *See Getsy v. Mitchell,* 495 F.3d 295, 315-16 (6th Cir.2007) (en banc) (whether the petitioner is entitled to habeas relief ultimately depends on whether the state court's denial was based on an unreasonable application of clearly established federal law regarding the sufficiency of the evidence.). The court's task is "to determine whether it was objectively unreasonable for the state court to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that Petitioner committed the essential element of the crimes charged beyond a reasonable doubt. *See Nash v. Eberlin,* 258 Fed. Appx. 761, 765 (6th Cir.2007).

When reviewing whether the state court's determination was "objectively unreasonable," the court must engage in a two-step analysis. First, the court must ask whether the evidence itself was sufficient to convict under *Jackson*. The inquiry ends if it is determined that there was sufficient evidence to convict Petitioner. If the court finds that the evidence is insufficient to convict, it must then apply AEDPA deference and ask whether the state court was "objectively unreasonable" in concluding that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *Id.* The law therefore "commands deference at two levels." *Tucker,* 541 F.3d at 656.

> The Michigan Court of Appeals stated:
>
> Defendant first argues that the evidence was not sufficient to support defendant's conviction of witness intimidation. In reviewing the sufficiency of the evidence, we view the evidence in a light most

favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Jaffray*, 445 Mich 287, 296; 519 NW2d 108 (1994). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of the crime." *People v Plummer*, 229 Mich App 293, 299; 581 NW2d 753 (1998). Intent may be inferred from minimal circumstantial evidence and the reasonable inferences that arise from the evidence. *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001).

MCL 750.122 "identif[ies] and criminalize[s] the many ways individuals can prevent or attempt to prevent a witness from appearing and providing truthful information in some sort of official proceeding." *People v Greene*, 255 Mich App 426, 438; 661 NW2d 616 (2003). The statute provides in relevant part:

> (3) A person shall not do any of the following by threat or intimidation:
>
> (a) Discourage or attempt to discourage any individual from attending a present or future official proceeding as a witness, testifying at a present or future official proceeding, or giving information at a present or future official proceeding.
>
> (b) Influence or attempt to influence testimony at a present or future official proceeding.
>
> (c) Encourage or attempt to encourage any individual to avoid legal process, to withhold testimony, or to testify falsely in a present or future official proceeding.
>
> * * *
>
> (7) A person who violates this section is guilty of a crime as follows:
>
> * * *
>
> (c) If the violation involves committing or attempting to commit a crime or a threat to kill or injure any person or to cause property damage, the person is

> guilty of a felony punishable by imprisonment for not more than 15 years or a fine of not more than $ 25,000.00, or both.

MCL 750.122 punishes both completed and attempted acts of witness interference. *Greene, supra* at 440. An attempt consists of two elements: "(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993) (quotation omitted).

Here, because defendant did not succeed in preventing Officer Smigielski from appearing and providing truthful information at the preliminary examination, the jury necessarily found that defendant attempted to prevent Officer Smigielski from appearing and providing truthful information at the preliminary examination. Defendant argues that the prosecutor failed to present evidence that defendant's death threats toward Officer Smigielski were intended to interfere with Officer Smigielski's appearance at the preliminary examination. He contends that the threats he made at the jail on the day before his preliminary examination were merely part of a hostile tirade directed toward all police officers, and that no evidence was presented to support a finding that defendant attempted to prevent or influence Officer Smigielski's testimony with his threats.

The evidence presented at trial revealed that Officer Smigielski arrested defendant on September 11, 2006. On September 20, 2006, the day before defendant's preliminary examination, Officer Smigielski was at the jail booking a suspect in an unrelated case. Defendant was in a cell across the hall from where the booking was taking place. When defendant saw Officer Smigielski, defendant "went berserk." He began yelling angry statements at Officer Smigielski and making death threats. Officer Smigielski testified that defendant asked him if he was going to be attending the "trial" or "hearing" the next day and stated that Officer Smigielski should not wear his "blues" (his police uniform) because defendant would take them from him and when "the Court was all done with," defendant would come and find him and kill him. Officer Smigielski interpreted this as an attempt to discourage him from attending the preliminary examination. Deputy Brian Thompson witnessed the verbal attack on Officer Smigielski. He recalled that defendant said, "What are you gonna say tomorrow? You need to watch what you gonna say." Deputy Thompson also heard defendant say, "You bitch, I'm gonna kill you," "You're [sic] bullet proof vest isn't gonna do you any

good," "You better get you a hard hat because I'm gonna shoot you in the head." Defendant also made reference to a forty-caliber handgun. These threats were unequivocally made in conjunction with defendant's inquiry as to whether Officer Smigielski would be attending the preliminary examination the follow [sic] day. Viewed in a light most favorable to the prosecution, the evidence was sufficient to allow reasonable jurors to infer that defendant attempted to discourage Officer Smigielski from testifying or giving information at the preliminary examination, attempted to influence Officer Smigielski's testimony, or attempted to encourage Officer Smigielski to withhold testimony or testify falsely. Further, defendant's threat to kill or injure the officer satisfied the requirement of MCL 750.122(7)(c), that there is a threat to kill or injure.

Michigan Court of Appeals' Opinion, Docket #22, at 1-3.

In the opinion of the undersigned, the prosecutor clearly presented evidence which could support Petitioner's conviction. Further, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that his rights were violated because he was shackled to floor during the trial. The Michigan Court of Appeals rejected this claim because Petitioner had threatened to kill police officers, including those officers that were present in the courtroom to testify against him. To justify reversal based on the presence of shackles or restraints during trial, a petitioner is obligated to show prejudice when he claims that the jury observed him in shackles during trial. *United States v. Mayes*, 158 F.3d 1215, 1225 (11th Cir. 1998); *United States v. Waldon*, 206 F.3d 597, 607 (6th Cir. 2000) (Juror's observation of defendant in shackles did not require reversal where defendant could show no actual prejudice). In this case, Petitioner cannot show that prejudice

resulted from any juror viewing him in shackles. Petitioner was shacked to the floor in leg irons at the defense table. The bottom of the table was concealed from the jury's view by a curtain. Petitioner has not shown that any juror was even aware that Petitioner was wearing shackles during the trial. Petitioner simply claims that the jurors could hear that he was wearing shackles. There is no evidence to support this claim. In the opinion of the undersigned, Petitioner cannot show that the Michigan Court of Appeals' decision was unreasonable.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could

not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: May 10, 2013