UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SHABREA MCCLINTON,

        Petitioner,         Case No. 2:10-cv-171

v.        Honorable R. Allan Edgar

GREG MCQUIGGIN,

        Respondent.
_____/

**MEMORANDUM AND ORDER**

On May 10, 2013, U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Petitioner's § 2254 habeas petition be dismissed with prejudice. Doc. No. 25. Petitioner has filed objections to the R&R. Doc. No. 26. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In his objections, Petitioner points out that he is only challenging his conviction for witness intimidation. Petitioner asserts that Magistrate Judge Greeley erred in failing to analyze whether the trial court's decision to deny admission of relevant evidence of Officer Smigielski's bias violated Petitioner's constitutional rights by preventing him from presenting a defense. As Magistrate Judge Greeley explained in the R&R:

> Petitioner asserted that in a prior incident he made a statement
> to officer Smiegielski that one day Petitioner would pull

> something out of his coat, like a cell phone or something, and make it look like he had a gun so officer Smigielski would shoot him. Officer Smigielski then stated if Petitioner pulled something out, and Smiegielski believed it was a gun, he would shoot Petitioner. The trial court found that inquiry was not relevant to the current action. The Michigan Court of Appeals concluded that the trial court did not err in excluding evidence that was not relevant.

Doc. No. 25, pp. ID 102-03. Magistrate Judge Greeley found that Plaintiff had failed to raise a constitutional issue, and further found that the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

As Petitioner correctly points out, the Supreme Court has recognized that, for evidentiary questions, the question turns to "whether the admission of the evidence violated [Petitioner's] federal constitutional rights." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner asserts that the trial court's denial of the evidence violated his constitutional rights by preventing him from presenting a defense.

The Sixth Circuit, in addressing a similar issue, has stated the following:

> "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citations and internal quotation marks omitted). Attendant to this right is ensuring the defendant an opportunity to present witnesses in his defense. *See Taylor v. Illinois*, 484 U.S. 400, 409 (1988). However, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, *or otherwise inadmissible under standard rules of evidence.*" *Taylor*, 484 U.S. at 410 (emphasis added); *Rockwell v. Yukins*, 341 F.3d 507m, 512 (6th Cir. 2003)

2

> ("[T]he Supreme Court has made it perfectly clear that the right to present a "complete" defense is not an unlimited right to ride roughshod over reasonable evidentiary restrictions... Rather, she 'must comply with established rules of procedure and evidence designed to assure both fairness and reliability ..." (*quoting Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). The Michigan Rules of Evidence applied by the trial judge mirror their federal counterparts and are patently "standard rules of evidence." Moreover, the Supreme Court has repeatedly affirmed its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane*, 476 U.S. at 689.

*Couturier v. Vasbinder*, 385 Fed. Appx. 509, 516 (6th Cir. 2010). The Court finds that the proposed evidence was irrelevant for the purpose for which it was offered, which was to establish credibility and bias. The trial court's exclusion of that evidence therefore did not violate Petitioner's constitutional right to present a defense. The Court agrees with Magistrate Judge Greeley's finding on this issue.

Petitioner next asserts that Magistrate Judge Greeley erred in concluding that there was sufficient evidence to convict Petitioner of witness intimidation. The Court agrees with Magistrate Judge Greeley's analysis of this issue.

Finally, Petitioner asserts that Magistrate Judge Greeley erred in concluding that it was not a constitutional error for the trial court to shackle Petitioner to the floor during trial, without providing specific reasons necessitating such a restriction. Petitioner asserts that the Michigan Court of Appeals and Magistrate Judge Greeley failed to consider the holding in *Deck v. Missouri*, 544 U.S. 622 (2005). Petitioner states that the trial court did not provide an "adequate justification" for its shackling, and asserts that this is required by *Deck*. Petitioner further asserts that, pursuant to *Deck*, a defendant need not demonstrate actual prejudice to make out a due process violation.

As the Michigan Court of Appeals noted, "nothing in the record supports that the jury knew defendant was shackled during trial." Court of App. Op., p. 4. Without such evidence, prejudice cannot be presumed as it was in *Deck*, which involved visible restraints. See *United States v. Busch*, 411 Fed. Appx. 872, 876 (6th Cir. 2011). Petitioner's objection is without merit.

Petitioner's objections to the R&R [Doc. No. 26] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 25] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find that this decision to dismiss Petitioner's claims is debatable or wrong.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated:       9/30/2013              /s/ R. Allan Edgar
                                    R. Allan Edgar
                                    United States District Judge